UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:13-cv-00882

| | |
|---|---|
| WAYNE J. GRIFFIN ELECTRIC, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; GUILFORD COUNTY, a political subdivision of the State of North Carolina; BALFOUR BEATTY CONSTRUCTION, LLC; and D.H. GRIFFIN CONSTRUCTION COMPANY, LLC,<br><br>　　　　Defendants. | **PLAINTIFF'S REPLY<br>TO TRAVELERS' MEMORANDUM<br>IN RESPONSE<br>TO MOTION TO REMAND** |

Pursuant to 28 U.S.C. § 1447(c) and Local Rules 7.2 and 7.3, Plaintiff Wayne J. Griffin Electric, Inc. ("WJGE"), by and through the undersigned counsel, respectfully submits this Reply Brief in further support of its Motion to Remand.

## ARGUMENT

The attempt by Travelers' to remove this action to this Court rests on two arguments: *first*, that defendants Guilford County and D.H. Griffin together, (the "North Carolina Defendants") are nominal parties whose citizenship should be ignored for diversity purposes and whose consent to removal was not required; and *second*, that even if the North Carolina Defendants are not nominal parties, they should be realigned as party plaintiffs in order to overcome section 1441(b). For the reasons set forth in WJGE's Brief (a) in Support of Motion to Remand and For Costs and Fees and (b) in Opposition to Motion to Realign, and as discussed further below, Travelers' efforts to manufacture diversity jurisdiction and overcome WJGE's choice of forum must fail.

{00289258.DOCX V.2 G067.019130;}　　　　1

Remand to state court is warranted because of Travelers failure to meet its burden to demonstrate grounds for removal and because of the well-established presumption that "all doubts . . . be resolved in favor of remand to state court." *E.g., Ottawa Rapidz*, 686 F. Supp. 2d at 583 (M.D.N.C. 2010) (citing *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir.2004) (internal citations omitted)).

I. **THE DEFENDANTS ARE NOT NOMINAL PARTIES.**

Parties that are considered nominal are those that have "no personal stake in the outcome of the litigation" and which are "not necessary to an ultimate resolution" of the action. *Dempsey v. Transouth Mortgage Corp.,* 88 F.Supp.2d 482, 484 (W.D.N.C. 1999). The Complaint in this matter makes clear that Guilford County, Balfour Beatty, and D.H. Griffin have real and appreciable interests in the outcome of the litigation that negate any argument by Travelers that those entities are mere nominal parties.

A. **The Complaint Implicates Real and Substantial Interests of the Defendants other than Travelers.** In the Complaint, WJGE seeks a "declaratory judgment as to the obligations and liabilities of [not only] Travelers, [but also] the rights and obligations, if any, of Defendants Guilford County, Balfour Beatty, and D.H. Griffin as potential insureds with respect to the Claimed Loss under the Builders Risk Policy." Compl. ¶ 39 [Docket No. 6]. Similarly, the Prayer for Relief in the Complaint prays the court "[f]or a declaratory judgment…declaring the relative rights and obligations of the parties under the Policy." Compl. Prayer for Judgment ¶ 1 [Docket No. 6].

This requested relief is broad enough to implicate interests of Guilford County, Balfour Beatty, and D.H. Griffin in such a way that those parties cannot be considered nominal. The requested relief also makes clear that those parties were properly joined under North Carolina's

Declaratory Judgment Act, which requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." N.C. Gen. Stat. Ann. § 1-260.

At present, because no defendant has answered the Complaint, it cannot be known exactly what interest, if any, defendants may assert in the proceeds of the Policy[1] or what position they may take with regards to the Policy deductible. As additional insureds under the Policy, Guilford County, Balfour Beatty, and D.H. Griffin have an insurable interest in the loss for which coverage is sought pursuant to the Policy, despite WJGE's voluntary performance of extra work to investigate and correct the conditions underlying the claimed loss. Certainly WJGE faces the real and substantial risk that, should it proceed with this matter to judgment in the absence of joinder of Guilford County, Balfour Beatty, and D.H. Griffin, those entities could later seek to have the declaration set aside because it "prejudice[d] the rights of persons not parties to the proceedings, the rights of Guilford County, Balfour Beatty, and D.H. Griffin to some or all of the insured proceeds for the loss at issue."

Moreover, these defendants face the possibility of liability for the Policy deductible despite Travelers' statement in its brief that "there is no real risk that Guilford County or Contractors—or anyone else—will be responsible for any deductible as a result of the Court's holding in this declaratory judgment action." This assertion by Travelers ignores the fact that the relief requested by WJGE in the Complaint implicates the potential responsibility for defendants other than Travelers to reimbursement WJGE for the Policy deductible. The relief requested in the Complaint—a declaration of "the relative rights and obligations of the parties under the Policy"—is broad enough to encompass a determination of which defendant (other than Travelers) bears responsibility for the Policy deductible. Compl. Prayer for Judgment ¶ 1

---

[1] The "builders risk" policy of insurance issued by Travelers and that is the subject of this action.

[Docket No. 6]. As a result, the decisions cited in WJGE's Principal Brief expressly recognizing that parties who are responsible for deductibles are not nominal parties for diversity purposes are directly applicable to this action. *See Beaufort Cnty. Sch. Dist. v. United Nat. Ins. Co.,* 519 F. Supp. 2d 609, 616-17 (D.S.C. 2007); *Gen. Star Nat. Ins. Co. v. N. Carolina Pub. Officers & Employees Liab. Ins. Comm'n*, 3:10-CV-262-RJC-DSC, 2011 WL 4398163 at *5 (W.D.N.C. Sept. 21, 2011). These decisions warrant findings by this Court that (a) the defendants other than Travelers are not nominal, (b) their consent was required prior to removal, and (c) the North Carolina citizenship of defendants D.H. Griffin and Guilford County prevents removal of this action under 28 U.S.C. § 1441(b)(2).

B.  **Cases Cited by Travelers Support the Conclusion that Defendants other than Travelers are not Nominal Parties to this Action.** In its brief, Travelers states that "Plaintiff Griffin hopes to distinguish the majority of the [cases originally cited] due to the fact that they concerned insurance coverages other than builders' risk coverage." This statement completely misses the actual distinction drawn by WJGE in its Brief—that the interests of the parties found to be nominal in those cases cited by Travelers bear no resemblance to the interests of Guilford County and D.H. Griffin in this action. The type of coverage involved is irrelevant: Simply put: for purposes of a nominal party analysis, a "John Doe" tort claimant or an uninsured motorist is not the same as an additional insured under a policy who has a contractual interest in policy proceeds as well as potential responsibility for a policy deductible.

In its responsive brief, Travelers also cites additional cases (most unreported and from other jurisdictions) reiterating or re-phrasing the definition of a nominal party in support of its arguments. However, the nominal parties involved in those cases (as in those originally cited by Travelers) bear no resemblance to the North Carolina Defendants in this case. While Travelers

may enjoy the language of those cases, a review of their facts demonstrates that they are as inapposite to the case at hand as those cited in Travelers' earlier brief. For example, Travelers quotes *Sierra v. Bally Total Fitness Corp.*, 2007 U.S. Dist. LEXIS 2379 at *7 (E.D.N.Y. 2007): "A nominal party is one against whom or on whose behalf no cause of action or claim for relief is or could be stated." The *Sierra* decision involved a finding that an arbitrator was a nominal party whose presence as a defendant did not prevent removal of an action to vacate an arbitration award. Another case cited by Travelers, *Alberto-Culver Co. v. Sunstar, Inc.*, 2001 U.S. Dist. LEXIS 17102 *N.D. Ill. Oct. 17, 2001, involved a finding that a trustee was a nominal defendant. The party found to be nominal in *Marsden v. Southern Flight Services, Inc.*, 192 F. Supp. 418 (1961) was the seller of an airplane and grantor of a chattel mortgage post-dating the sale of the airplane. In a declaratory judgment action to determine the validity of the chattel mortgage, the seller was found to be a nominal party because, *inter alia*, "a final decree could be rendered…without affecting the interest of the resident defendant…."[2]

The minimal interests of the defendants in these cases stand in stark contrast to those of the defendants in this lawsuit. Because of the real and substantial interests of the North Carolina Defendants in the outcome of this action (as discussed above and in WJGE's principal brief), they are not nominal parties. Accordingly, the consent of those defendants to removal was required, their citizenship should not be ignored for purposes of diversity jurisdiction, and this action should be remanded to state court.

---

[2] The *Marsden* decision used an "indispensable party" analysis to inform its jurisdictional inquiry. As a leading commentator states, "It occasionally was said too loosely in some older cases that only the citizenship of "indispensable"—Rule 19(b)—parties will be considered in determining whether diversity jurisdiction exists. This simply is not the rule. Even though a party is merely proper, as, for example, a joint tortfeasor, if in fact he or she has been joined in the action, the party's citizenship must be considered for purposes of determining whether subject matter jurisdiction exists. *Wright & Miller,* 13E Fed. Prac. & Proc. Juris. § 3606 (3d ed. 2013); *see also Frederick Innkeepers Corp. v. Krisch*, 230 F. Supp. 800, 801-02 (D.Md. 1964) (quoting same language from earlier version of *Wright & Miller* in case holding that defendant agent of lessees was not a nominal party in an action by lessor to recover real property).

## II. THE NORTH CAROLINA DEFENDANTS SHOULD NOT BE RE-ALIGNED.

WJGE's arguments as to why the North Carolina Defendants should not be re-aligned as party plaintiffs are set forth in its principal brief on this issue, and WJGE will not repeat them at length. Simply put, the relationship of the parties with regards to the primary issue in controversy—application of the subject Policy exclusion with its language regarding faulty workmanship and design—does not support realignment of the North Carolina Defendants as plaintiffs.[3] Despite Travelers' assertion to the contrary, if it is successful in proving that the exclusion bars coverage for the loss at issue, this Court will necessarily consider and rule upon the factual bases as to why that exclusion applies. Those factual bases present active adversity between WJGE and the North Carolina Defendants as discussed in detail in WJGE's principal brief.

On similar facts, the United States District Court for the Eastern District of Missouri refused to realign defendants in an action seeking a declaratory judgment on coverage under a builders risk policy similar to that at issue in this action. *PW Shoe Lofts v. State Auto Property & Casualty Co.*, No. 4:10-CV-02241, 2011 WL 2295068 at \*4 (E.D. Mo. June 7, 2011). That action was initiated by a project owner against an insurance carrier and other parties on the subject construction project, including the project architect and the contractor, who was an additional insured under the subject policy. *Id*. The court stated that "a determination of whether coverage exists will necessarily require consideration of whether these defendants contributed to the damage that occurred to the Project, thus creating an actual conflict between

---

[3] It is also important to note that, despite Travelers' attempt to treat the separate interests of Guilford County and D.H. Griffin as identical, the position of each of those parties must be considered individually. Travelers' brief states, for example, that "[a] grant of coverage to Plaintiff Griffin by this Court will reduce the potential exposure of those parties for any award that might be made against them through the Arbitration [as that term is defined in Travelers' brief]." This statement ignores the fact that Guilford County is not a party to the Arbitration and an award here cannot affect a non-existent interest in the Arbitration. Moreover, Guilford County has remained largely neutral on the issues involved in this matter. *Cf. Foster v. Carlin,* 200 F.2d 943, 950-52 (4th Cir. 1952) (refusing to realign defendant who "remained neutral" and did not "participate actively" in the litigation).

these defendants and [the owner plaintiff]." *Id*. The court therefore concluded that the defendants should not be realigned and granted the plaintiff-owner's motion to remand. *Id*.; *cf*. *Peerless Ins. Co. v. Philadelphia Ins. Co*., C.A. No. 12-906, 2013 WL 1947177 at *4 (D.R.I. May 9, 2013) (refusing to realign parties in insurance coverage dispute where the insurer defendant had "not identified any reasonable and practical way to align the parties . . . that would vest this Court with subject matter jurisdiction."). The same conclusion is warranted in this action for the same reasons.

In contrast, the two Fourth Circuit cases cited by Travelers for its rote proposition that carriers belong on one side of the "v." while insureds belong on the other are procedurally and factually inapposite to this case. In both of those decisions, an insurance carrier instituted a declaratory judgment action against its insured and other potentially liable carriers in federal court. Both cases involved motions to dismiss for want of subject matter jurisdiction based on an argument that the other potentially liable carriers should be re-aligned as party plaintiffs. Both then resulted in the Fourth Circuit re-aligning the parties to destroy diversity jurisdiction. *Builders Mutual Ins. v. Dragas Mgt. Corp.*, 497 Fed. Appx. 313 (4th Cir. 2012); *U.S. Fidelity & Guar. Co. v. A&S Mfg. Co.*, 48 F.3d 131 (4th Cir. 1995).

Thus, the holding in those two cases both comport with a narrow construction of diversity jurisdiction—in contrast to the position advanced by Travelers in this action. The two cases, while not directly involving removal, also comport with the Fourth Circuit's well-established rule that removal jurisdiction is construed strictly because of the "significant federalism concerns" implicated, and support the conclusion that where "federal jurisdiction is doubtful, [dismissal or] a remand [to state court] is necessary." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004) (internal citations omitted)

Given the Fourth Circuit's narrow construction of removal jurisdiction, as well as the varied interests of the parties with regards to the policy exclusion and responsibility for the deductible discussed in detail in WJGE's principal brief, the alignment of parties set forth in the Complaint was proper and should not be disturbed. Both North Carolina Defendants are non-nominal parties who were properly joined as party defendants. As a result, removal of this action was prohibited under 28 U.S.C. § 1441(b). In addition, because Travelers did not obtain the consent of the other defendants prior to the removal, the removal procedure was improper under 28 U.S.C. § 1446(b)(2)(A). This Court should therefore remand this action to the Guilford County Superior Court.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its Brief (a) in Support of Motion to Remand and For Costs and Fees and (b) in Opposition to Motion to Realign, Plaintiff Wayne J. Griffin Electric, Inc. respectfully prays that the Court deny the relief sought by Travelers and grant the relief sought in Plaintiff's Motion to Remand.

This the 20th day of December, 2013.

                                                  HAMILTON STEPHENS
                                                STEELE + MARTIN, PLLC

                                                By: /s/ Adrianne Chillemi
                                                Bentford E. Martin (NC Bar #8404)
                                                Adrianne Chillemi (NC Bar # 30714)
                                                201 S. College Street, Suite 2020
                                                Charlotte, NC  28244-2020
                                                (704)344-1117
                                                Fax (704) 344-1483
                                                bmartin@lawhssm.com
                                                achillemi@lawhssm.com
                                                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all parties of record by electronically filing a copy of the same with the Court's ECF filing system which will send electronic notification by e-mail to:

jmumford@hdjn.com
kkasper@hdjn.com
John B. Mumford, Jr.
Kathryn E. Kasper
Hancock Daniel Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
*Attorneys for Defendant Travelers Property Casualty Company of America*

mpayne@co.guilford.nc.us
John M. Payne
Guilford County Attorney's Office
301 W. Market Street, 3rd Floor
Greensboro, NC 27401
*Attorneys for Defendant Guilford County*

jmoore@smithlaw.com
pmarino@smithlaw.com
Jackson W. Moore, Jr.
Peter J. Marino
Smith Anderson Blount Dorsett
Mitchell & Jernigan, LLP
PO Box 2611
Raleigh, NC 27602-2611
*Attorneys for Defendants Balfour Beatty Construction, LLC and D.H. Griffin Construction Company, LLC*

This the 20th day of December, 2013.

By: /s/ Adrianne Chillemi
Adrianne Chillemi

HAMILTON STEPHENS
STEELE + MARTIN, PLLC
201 South College Street, Suite 2020
Charlotte, North Carolina 28244-2020
(704)344-1117
Fax (704) 344-1483
bmartin@lawhssm.com
Bentford E. Martin (NC Bar #8404)
Adrianne Chillemi (NC Bar # 30714)

*Attorneys for Plaintiff*