IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WAYNE J. GRIFFIN ELECTRIC, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:13CV882 |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al. | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendant Travelers' Motion to Realign Parties (Docket Entry 2) and Plaintiff's Motion to Remand (Docket Entry 15). For the reasons that follow, the Court will grant Defendant Travelers' Motion to Realign Parties and will deny Plaintiff's Motion to Remand.[1]

BACKGROUND

Plaintiff's Complaint asserts a claim for breach of contract and seeks a declaratory judgment of Plaintiff's rights, as well as those of other insured parties, under a builders insurance policy issued by Defendant Travelers. (Docket Entry 6 at 6-7.) It contends that, in connection with the construction of the Guilford

---

[1] For the reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge disposes of this matter by order, rather than by recommendation.

County Detention Center in Greensboro, North Carolina, Defendant Travelers issued a builders all risks policy to Defendants Guilford County, Balfour Beatty Construction, and D.H. Griffin Construction, as well as to any subcontractors, including Plaintiff. (Id. at 3; see also Docket Entry 6-1 (insurance policy).)[2] The Complaint further alleges that Plaintiff, as an electrical subcontractor, incurred substantial additional costs to investigate and repair widespread damage to the facility's electrical conduit allegedly caused during concrete pours and drilling by one or more other subcontractors. (Docket Entry 6 at 3-5.)

According to the Complaint, on August 31, 2011, Plaintiff sent notice of its claimed losses to Defendants Balfour Beatty and D.H. Griffin and, at their request, provided supplemental documentation on September 19, 2011. (Id. at 5.) Defendants Balfour Beatty and D.H. Griffin allegedly failed to put Defendant Travelers on notice with regard to the claim, despite Plaintiff's request to that effect. (Id.) The Complaint further states that Plaintiff notified the insurance broker of the claimed loss on December 29, 2011, and Defendant Travelers denied coverage on March 9, 2012. (Id.; see also Docket Entry 16-3 at 1-3 (coverage denial letter).)

---

[2] Defendants Balfour Beatty and D.H. Griffin formed a joint venture for the Guilford County Detention Center project and the record reflects that [Defendant] Travelers issued the insurance policy to the joint venture rather than the individual companies. (See Docket Entry 6 at 2-3; see also Docket Entry 6-1 at 2 (insurance policy identifying "Balfour Beatty/D.H. Griffin JV" as a named insured).)

The denial letter asserts that "the damages claimed by [Plaintiff] were caused by faulty planning, siting, design, specifications and/or workmanship[,] all of which are expressly excluded under the policy." (Docket Entry 16-3 at 3.) It further contends that Plaintiff's alleged delay in reporting the loss "constitut[ed] a breach of the duty of timely reporting of a loss." (Id.)

Plaintiff (a citizen of Massachusetts) filed the instant action in North Carolina state court and named as Defendants Travelers (a citizen of Connecticut), Guilford County (a citizen of North Carolina), Balfour Beatty (a citizen of Delaware and Texas), and D.H. Griffin (a citizen of North Carolina). (Docket Entry 6 at 1-2.) Defendant Travelers then removed the action to this Court based on diversity of citizenship (Docket Entry 1), moved to realign parties (Docket Entry 2), and filed its Answer to Plaintiff's Complaint (Docket Entry 3).

The relevant statute bars removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, the presence of Defendants Guilford County and D.H. Griffin, both citizens of North Carolina, would appear to preclude removal. However, Defendant Travelers' instant Motion asserts that Defendants Guilford County, Balfour Beatty, and D.H. Griffin constitute nominal parties who need not consent to removal and whose citizenship does not impact the diversity determination.

(Docket Entry 3 at 4-5.) It additionally contends that the Court should realign Defendants Guilford County, Balfour Beatty, and D.H. Griffin as Plaintiffs on the grounds that "their interests are at odds with [Defendant] Travelers[] because they could be exposed to potential liability for property damages should the Travelers policy not afford the coverage [Plaintiff] seeks." (Docket Entry 2 at 2.)

Plaintiff responded in opposition and moved to remand to state court. (Docket Entry 15.) Defendant Travelers replied and responded in opposition to Plaintiff's Motion. (Docket Entry 22.) Plaintiff replied. (Docket Entry 24.) Defendants Guilford County, Balfour Beatty, and D.H. Griffin have not responded to either of the instant Motions. (See Docket Entries dated Oct. 3, 2013, to present.)

DISCUSSION

The party "who seek[s] to preserve removal, bear[s] the burden of establishing that the requirements for removal have been met. [It] do[es] so understanding that removal statutes, being in derogation of state sovereignty, are strictly construed, and all doubts will be resolved in favor of remand to state court." Canadian Am. Ass'n of Prof'l Baseball, Ltd. v. Ottawa Rapidz, 686 F. Supp. 2d 579, 583 (M.D.N.C. 2010) (Schroeder, J.) (internal citations omitted); see also Barbour v. International Union, 640 F. 3d 599, 605 (4th Cir. 2011) (en banc) ("Removal statutes, in

-4-

particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns."), abrogated on other grounds by 28 U.S.C. § 1446(b)(2)(B). Therefore, Defendant Travelers, as the removing party, must demonstrate that this case belongs in federal court, either because the North Carolina Defendants qualify as nominal parties, because they constitute Plaintiffs rather than Defendants, or both.

The Fourth Circuit has recently addressed the standard for identifying nominal parties in the context of removal, stating that "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 260 (4th Cir. 2013). In addition, this Court has recognized a "broad consensus concerning the type of situations which would be covered by the [nominal party] exception." Blue Mako, Inc. v. Minidis, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2007) (Tilley, J.). Examples of situations reflecting nominal parties "include one where the party was not involved in the activities charged in the complaint, [the party] ha[s] already settled with the plaintiff, [the party] ha[s] only

been named as [a] John Doe defendant[], or where there is no basis for imputing liability." Id.

Defendent Travelers' instant Motion contends that its co-Defendants "have no personal stake in litigation brought solely to determine the rights and obligations between Plaintiff [] and [Defendant] Travelers. There are no counts asserted against any of them. There is no relief sought from any of them." (Docket Entry 22 at 3.) However, Plaintiff's Complaint specifically seeks "a declaratory judgment as to the obligations and liabilities of [Defendant] Travelers, <u>as well as the rights and obligations, if any, of Defendants Guilford County, Balfour Beatty, and D.H. Griffin</u> as potential insureds with respect to the Claimed Loss under the Builders Risk Policy." (Docket Entry 6 at 7 (emphasis added).) Although Plaintiff has not asserted counts against Defendants Guilford County, Balfour Beatty, and D.H. Griffin and does not seek relief directly from them in this action (see Docket Entry 6 at 6-8), Defendant Travelers has not shown that "the suit can be resolved without affecting the non-consenting nominal [D]efendant[s] in any reasonably foreseeable way," Hartford Fire, 736 F.3d at 260.

Rather, Defendant Travelers, in arguing for the realignment of its co-Defendants, undermines its position that its co-Defendants have no interest in the suit:

> [Plaintiff] specifically seeks a declaration that
> [Defendant] Travelers owes coverage to [Defendants]

-6-

> Guilford County, Balfour Beatty, and D. H. Griffin as well as to [Plaintiff]. Conversely, a declaration that [Defendant] Travelers does not provide the coverage sought might ultimately place the burden of liability upon [Defendants] Guilford County, Balfour Beatty, and D. H. Griffin to compensate Plaintiff for a portion, or all, of the Damage.

(Docket Entry 3 at 8.) Thus, there exists a "reasonably foreseeable way" that Defendants Guilford County, Balfour Beatty, and D.H. Griffin could face substantial liability as a result of a declaratory judgment denying insurance coverage. Even though the apportionment of any liability between Plaintiff and the other insureds forms the subject of separate arbitration proceedings (see Docket Entry 22 at 7), as Defendant Travelers concedes, "[a] grant of coverage to Plaintiff [] by this Court will reduce the potential exposure of [Defendants Guilford County, Balfour Beatty, and D.H. Griffin] for any award that might be made against them though the [a]rbitration" (see id.). Although Defendant Guilford County has not been made a party to the arbitration, as Plaintiff notes (see Docket Entry 24 at 6 n.3), that fact alone would not seem to preclude the realistic possibility that this case could expose the County to subsequent liability if, for example, the Court determines the damage resulted from faulty plans or specifications. See Burke Cnty. Pub. Sch. Bd. of Ed. v. Juno Constr. Corp., 304 N.C. 187, 188, 282 S.E. 2d. 778, 778 (1981) ("[W]here a contractor is required to and does comply with the plans and specifications prepared by the owner or the owner's architect, the contractor will

not be liable for the consequences of defects in the plans and specifications.").

Furthermore, as Plaintiff contends, pursuant to various existing agreements between the parties, any of Defendants Guilford County, Balfour Beatty, and D.H. Griffin might ultimately have to reimburse Plaintiff for the policy deductible. (See Docket Entry 16 at 6-7 (citing Docket Entry 16-1 at 69 (agreement between Defendants Guilford County, Balfour Beatty, and D.H. Griffin); Docket Entry 16-2 at 20 (agreement between Plaintiff and Defendants Balfour Beatty and D.H. Griffin)).) District courts in this Circuit have held that the foreseeable risk of paying a deductible precludes nominal-party status. See General Star Nat'l Ins. Co. v. North Carolina Pub. Officers & Emps. Liab. Ins. Comm'n, No. 3:10CV262-RJC-DSC, 2011 WL 4398163, at *5 (W.D.N.C. Sept. 21, 2011) (unpublished); Beaufort Cnty. Sch. Dist. v. United Nat'l Ins. Co., 519 F. Supp. 2d 609, 612 (D.S.C. 2007). For these reasons, Defendants Guilford County, Balfour Beatty, and D.H. Griffin appear to have an interest in the outcome of this suit sufficient to preclude their designation as nominal parties.

Defendant Travelers further argues that its co-Defendants constitute nominal parties by analogy to a declaratory judgment action concerning uninsured-motorist coverage within an automobile insurance policy. (See Docket Entry 3 at 4-5; Docket Entry 22 at 5-6.) In such cases, district courts in this Circuit have held

that the uninsured motorist who caused the damage constitutes a nominal party to an action by the insured against the insurer, because the insured seeks no recovery against the uninsured motorist. See Trigo v. Travelers Commercial Ins. Co., No. 3:10CV28, 2010 WL 3521759, at *4-5 (W.D. Va. Sept. 7, 2010) (unpublished); Lloyd v. Travelers Prop. Cas. Ins. Co., 699 F. Supp. 2d 812, 816 (E.D. Va. 2010). However, in those cases, the uninsured motorists face potential liability regardless of the outcome of the suit: as one court noted, "at most, it could only change the name of the payee on any checks they write as a result of the personal injury suit." Lloyd, 699 F. Supp. 2d at 816.

In contrast, Defendants Guilford County, Balfour Beatty, and D.H. Griffin have a considerably more significant interest because the instant matter may determine the amounts (if any) of their respective liabilities, not simply who they have to pay. Further, unlike an uninsured motorist, Defendants Guilford County, Balfour Beatty, and D.H. Griffin represent parties to the insurance contract that forms the subject matter of the dispute. See, e.g., Trigo, 2010 WL 3521759, at *5-6 (finding fact that uninsured motorist "is not a party to the Policy or in privity with any party to the Policy" significant to determination he constituted a nominal party). Ultimately, the interests of the non-consenting Defendants in the instant case appear distinct from the interest of an uninsured motorist in the cases cited by Defendant Travelers.

Under these circumstances, Defendant Travelers has not shown that its co-Defendants qualify as nominal parties.[3]

Nonetheless, the Court concludes that Defendant Travelers has demonstrated the need to realign its co-Defendants as Plaintiffs to this action. The Fourth Circuit has adopted the two-step principal purpose test to assess the proper alignment of parties. Palisades Collections LLC v. Shorts, 552 F.3d 327, 337 (4th Cir. 2008). Under that test, "[f]irst, [the Court] determine[s] the primary issue in the controversy by considering the 'plaintiff's principal purpose for filing its suit' [and,] [s]econd, '[the Court] align[s] the parties according to their positions with respect to the primary issue.'" Builders Mut. Ins. Co. v. Dragas Mgmt. Corp., 497 F. App'x 313, 316 (4th Cir. 2012) (internal citation omitted) (quoting Palisades Collections, 552 F.3d at 337). "The principal purpose test, however, does not require the [C]ourt to . . . determine whether adversarial elements exist between parties. The relevant inquiry is to determine the parties' positions with

---

[3] Plaintiff additionally argues that Defendants Guilford County, Balfour Beatty, and D.H. Griffin do not constitute nominal parties because the North Carolina Declaratory Judgment Act requires their joinder. (Docket Entry 16 at 3.) Plaintiff's argument fails, because the Fourth Circuit "treat[s] a state court declaratory action that is removed as invoking the Federal Declaratory Judgment Act, 28 U.S.C. § 2201." Hartford Fire Ins., 736 F.3d at 261 n.3 (citing Jones v. Sears Roebuck & Co., 301 F. App'x 276, 281 n.12 (4th Cir. 2008)). Thus, the North Carolina Declaratory Judgment Act does not control the nominal party determination.

respect to the primary issue *in this case*, not whether the parties are adversaries in another matter pending before another court." Marsh v. Cincinnati Ins. Co., No. 4:08CV2441-RBH, 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008) (unpublished).

Defendant Travelers' instant Motion contends that "[t]he primary and controlling issue in controversy in this case is whether [Defendant] Travelers has any obligation to provide insurance coverage to [Plaintiff], [Defendants] Guilford County, Balfour Beatty, and/or D.H. Griffin." (Docket Entry 3 at 6 (emphasis added).) Accordingly, Defendant Travelers asserts its "position and interests lie in a finding of no coverage under the Policy . . . . [, whereas Defendants] Guilford County, Balfour Beatty, and D.H. Griffin – like [Plaintiff] – all have an interest in a finding that [Defendant] Travelers must provide the coverage [Plaintiff] seeks under the Policy." (Id. at 7-8.) In that regard, Defendant Travelers notes that "[a] grant of coverage to Plaintiff [] by this Court will reduce the potential exposure of [Defendants Guilford County, Balfour Beatty, and D.H. Griffin] for any award that might be made against them through the Arbitration." (Docket Entry 22 at 7.)[4]

---

[4] Plaintiff argues that Defendant Guilford County has not participated in the arbitration and, thus, would not face liability as a result of its outcome. (See Docket Entry 24 at 6 n.3.) However, as discussed above and as conceded by Plaintiff elsewhere,
(continued...)

In contrast, Plaintiff contends that "the central issue in dispute is not merely the fact of coverage, but the question of which party is responsible for the loss under the application of the subject exclusions." (Docket Entry 16 at 10.) Because Defendant Travelers denied coverage due to faulty planning and/or workmanship (id. at 7), Plaintiff asserts "this Court will necessarily consider and rule upon the factual bases as to why that exclusion applies" (Docket Entry 24 at 6). In other words, Plaintiff frames its principal purpose in filing this suit as the assignment of responsibility for the covered losses amongst the insured parties, on which question Plaintiff holds an adverse position to Defendants Guilford County, Balfour Beatty, and D.H. Griffin.

Neither Plaintiff nor Defendant Travelers have provided supporting cases involving the precise scenario presented by the instant matter. In opposition to realignment, Plaintiff cites cases in which defendants chiefly alleged fraudulent joinder of parties to defeat diversity jurisdiction, an inquiry distinct from that required for a motion to realign parties. (See Docket Entry 24 at 6-7 (citing Peerless Ins. Co. v. Philadelphia Ins. Co., C.A. No. 12-906ML, 2013 WL 1947177, at *4 (D.R.I. May 9, 2013)

---

⁴(...continued)
Defendant Guilford County may ultimately face liability for some or all of the losses upon a finding of no coverage. (See Docket Entry 16 at 7.)

-12-

(unpublished); PW Shoe Lofts, LP v. State Auto Prop. & Cas. Ins. Co., No. 4:10CV2241, 2011 WL 2295068, at *4 (E.D. Mo. June 7, 2011) (unpublished)).) Although these district courts also briefly considered and declined to realign parties, they did not rely on the principal purpose test followed by the Fourth Circuit. See Peerless Ins., 2013 WL 1947177, at *4; PW Shoe Lofts, 2011 WL 2295068, at *4.

However, a recent decision from the District of Maryland addressed a nearly identical factual scenario to this case. See Universal Concrete Prods. Corp. v. Peerless Ins. Co., Civ. A. No. CCB-08-317, 2008 WL 4104171 (D. Md. Aug. 21, 2008) (unpublished). In that case, a subcontractor brought a declaratory judgment action in state court against two insurers, the contractor, another subcontractor, and the owner of the subject property. Id. at *1-2. One of the insurers removed to federal court in spite of the presence of home state defendants, in part on grounds that those defendants' interests warranted their realignment as plaintiffs. Id. at *2.

Noting that the subcontractor plaintiff's complaint "allege[d] no cause of action against [the contractor, subcontractor, or owner defendants] and ma[de] no claim of any kind of relief against them," the district court found that the question of whether an insurer owed coverage to the subcontractor represented the primary and controlling purpose of plaintiff's suit. Id. at *4. Despite

-13-

the existence of adversity between the contractor, subcontractor, and owner defendants in a separate proceeding, the district court found that "those parties have an interest in seeing [the subcontractor] indemnified by its insurance policy in order to ensure they are able to recover the full amount of any damages that may be awarded" and realigned those defendants as plaintiffs. Id.; see also Marsh, 2008 WL 4614289, at *2 (realigning defendant insured parties as plaintiffs, despite substantial conflicts between insureds, because all insureds would benefit from finding of coverage under policy).

The Court finds that the same principles should apply here and thus concludes that the question of whether Defendant Travelers owes coverage to Plaintiff constitutes the primary and controlling issue in this case. In doing so, the Court does not set forth a general rule, as Plaintiff warns against, "that carriers belong on one side of the 'v.' while insureds belong on the other." (Docket Entry 16 at 10-11; see also Docket Entry 21 at 7.) However, the Court recognizes that, in this and many other circumstances, such an alignment will properly reflect the principal purpose of a delaratory judgment suit to determine whether the insurer owes coverage. See, e.g., United States Fid. & Guar. Co. v. A & S Mfg. Co., Inc., 48 F.3d 131, 134 (4th Cir. 1995) (concluding that "dispute among [multiple] insurers is secondary to whether the

insurers are liable to [insured plaintiff] and is hypothetical until the insurers' liability is determined").

Given the Court's decision to realign Defendants Guilford County, Balfour Beatty, and D.H. Griffin as Plaintiffs, the Court will deem immaterial said Defendants' lack of consent to removal. See Lott v. Scottsdale Ins. Co., 811 F. Supp. 2d 1220, 1222 n.2 (E.D. Va. 2011) ("[D]efendants are not required to consent to removal given the realignment . . . as plaintiffs for jurisdictional purposes."); Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp. 2d 117, 126 (E.D.N.Y. 2010) ("[R]ealignment cures the defects in the removal notice by creating complete diversity and excusing [removing defendant's] failure to comply with the rule of unanimity."); Universal Concrete Prods., 2008 WL 4104171, at *3 n.5 ("[P]arties aligned in interest with the plaintiff are not required to join or consent to the removal." (quoting Smiglin v. New York Life Ins. Co., 854 F. Supp. 464 (S.D. Tex. 1994)).

## CONCLUSION

Defendant Travelers has established federal subject-matter jurisdiction to support removal of this action.

**IT IS THEREFORE ORDERED** that Defendant Travelers' Motion to Realign Parties (Docket Entry 2) is **GRANTED** and Defendants Guilford County, Balfour Beatty, and D.H. Griffin are hereby **REALIGNED** as party Plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand to the Superior Court of Guilford County (Docket Entry 15) is **DENIED**.

/s/ L. Patrick Auld
   **L. Patrick Auld**
**United States Magistrate Judge**

March 4, 2014